■ THELMA SEIDE et al., Respondents, v. TORRINGTON CONSTRUCTION COMPANY, INCORPORATED, Appellant.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from an order denying appellant's motion to change the place of trial, for the convenience of witnesses, from Kings County to Clinton County. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

## (February 24, 1956)

■ In the Matter of CADMAN H. FREDERICK, Appellant. J. IRWIN SHAPIRO, as Commissioner of Investigation of the State of New York, Respondent.— Appeal from an order denying a motion to vacate a subpœna which had been issued by respondent requiring appellant to appear as a witness in an investigation conducted by respondent pursuant to section 11 of the Executive Law. Order affirmed, with $10 costs and disbursements. Section 11 of the Executive Law was enacted by section 1 of chapter 887 of the Laws of 1953. Section 2 of the said chapter appropriated a sum of money and made the same available "to the executive department for the expenses * * * of the office of the commissioner of investigation, in carrying out the provisions of this act." Designation of the number "11" to the section necessarily placed the section amongst the sections of the Executive Law which deal with the office of the Governor and the Executive Department (arts. 2, 3), and the Governor is head of the Executive Department (N. Y. Const., art. V, § 4). The fact that the appropriation was not made to the commissioner and the fact that the section was placed amongst those dealing with the Executive Department sufficiently demonstrate that the office of the commissioner is not a new civil department, but only part of the Executive Department, and that therefore the section did not violate the prohibition in section 3 of article V of the State Constitution against creation of new departments. In our opinion, the commissioner is not limited to examining witnesses in the county in which they reside or have a place of business, or in which the transactions being investigated took place. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.

## (February 27, 1956)

■ ANITA T. MONCLOVA, Respondent, v. LAWRENCE C. ARNETT et al., Appellants.— Motion for leave to appeal to the Court of Appeals granted. The following question is certified: Was the order of this court entered January 3, 1956, properly made? Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ. [See *ante*, p. 700.]

■ MARTIN M. SPENCER, Respondent, v. CITY OF NEW YORK, Appellant.— Motion for leave to appeal to the Court of Appeals granted. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ. [See *ante*, p. 786.]